**UNITED STATES DISTRICT COURT**

DISTRICT OF MONTANA

BILLINGS DIVISION

**MATTHEW AARON COMBS,**

d/b/a Mac's Seamless Gutters,

Plaintiff,

v.

OFFICER PHILLIP BAUMGARTNER, individually;

SGT. JACSON BOOTH, individually;

OFFICER SEIBERT, individually;

CODE ENFORCEMENT OFFICER J. SAUTER, individually;

JESSE A. KINDER;

ASHLEY N. DESHAZO;

ASA J. CAMPBELL;

THIN LINE TOWING AND RECOVERY LLC;

CITY OF LAUREL,

Defendants.

**FILED**

APR 0 1 2026

Clerk, US District Court
District of Montana - Billings

Case No. 1:26-cv-00009

---

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**(42 U.S.C. § 1983 and Supplemental State Law Claims)**

---

**I. INTRODUCTION**

1. This case arises from two seizures carried out under color of state law:

(a) On May 9, 2024, officers compelled Plaintiff to surrender business property to a private party in a civil dispute without a warrant or court order.

(b) On February 17, 2026, Defendants caused Plaintiff's occupied vehicle to be seized and lifted by a tow truck before informing him he was under arrest.

2. In both incidents, state actors used police authority to resolve civil matters and effect seizures without judicial process.

---

**II. JURISDICTION AND VENUE**

3. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

4. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b).

## III. PARTIES

6. Plaintiff is a resident of Laurel, Montana.
7. Defendant Baumgartner was a Laurel Police officer acting under color of law.
8. Defendant Booth was a Laurel Police sergeant acting under color of law.
9. Defendant Seibert was a Laurel Police officer acting under color of law.
10. Defendant Sauter was a City of Laurel code enforcement officer acting under color of law.
11. Defendant Kinder is a private individual who took possession of Plaintiff's property.
12. Defendant Deshazo sold the property at issue to Plaintiff.
13. Defendant Campbell was associated with the dissolved LLC holding title.
14. Defendant Thin Line Towing acted in concert with law enforcement during the 2026 seizure.
15. Defendant City of Laurel is responsible for policies, training, and supervision.

## IV. FACTUAL ALLEGATIONS

**A.** Lawful Purchase and Possession

16. On January 22, 2024, Plaintiff purchased two enclosed trailers and a seamless gutter machine for $10,000.
17. Plaintiff took possession and began operating his business.
18. The trailers were titled to an LLC that had been administratively dissolved since 2020.
19. Plaintiff had documentation supporting the transaction.

**B.** May 9, 2024 — Police-Assisted Seizure

20. Defendant Kinder arrived at Plaintiff's residence demanding the trailers.
21. Plaintiff refused and presented proof of purchase.
22. Officers Baumgartner and Booth responded.
23. Plaintiff informed them:

• The LLC was dissolved

• The titles were defective

• The dispute was civil

24. Despite this, Baumgartner, and Booth:

- Threatened Plaintiff with arrest
- Did not obtain a warrant
- Did not seek a court order

25. Under threat of arrest, Plaintiff surrendered the trailers and gutter machine.

26. Kinder removed the property.

27. The transfer occurred without judicial process and over Plaintiff's objection.

---

## C. February 17, 2026 — Vehicle Seizure and Arrest

28. Defendant Sauter initiated enforcement activity near Plaintiff's vehicle.

29. Thin Line Towing arrived and began attaching towing equipment.

30. Plaintiff entered his vehicle and remained inside.

31. Plaintiff:

- Did not attempt to flee
- Requested a supervisor
- Stated he would comply upon supervisor arrival

32. Defendant Seibert was present and engaged with Plaintiff.

33. The tow operator, acting in coordination with Sauter and Seibert, lifted Plaintiff's vehicle while Plaintiff remained inside.

34. Plaintiff was not informed he was under arrest until after the vehicle was lifted.

35. Plaintiff then exited the vehicle and complied.

36. The seizure occurred without a warrant and while Plaintiff remained inside the vehicle.

37. Prior to being informed that he was under arrest, Defendant Seibert placed a window-breaking tool against Plaintiff's vehicle window, indicating imminent forced entry.

38. At that time, Plaintiff was seated inside the vehicle, was not attempting to flee, and had requested a supervisor.

39. The tow caused damage to Plaintiff's vehicle.

---

## D. February 17, 2026 — Timeline of Events

40. The events of February 17, 2026, occurred in rapid sequence and are documented by video evidence:

41. Unless otherwise specified, the following events reflect the actions of the tow truck operator.

42. Multiple Defendants, including Officer Seibert and Code Enforcement Officer Sauter, were present during these events.

- ~9:47 a.m. — Code enforcement arrived
- ~9:52 a.m. — Tow truck arrived
- ~9:53:30 a.m. — Steering wheel secured
- ~9:53:38 a.m. — Plaintiff approached vehicle
- ~9:53:55 a.m. — Tow equipment attached
- ~9:54:20 a.m. — Vehicle moved
- ~9:55:27 a.m. — Plaintiff entered vehicle
- ~9:55:30–9:57:30 a.m. — Plaintiff requested supervisor
- ~9:55:50 a.m. — Wheel restraints applied
- ~9:56:05 a.m. — Vehicle lifted with Plaintiff inside
- ~9:57:27 a.m. — Officer Seibert placed window-breaking tool
- ~9:57:35 a.m. — Plaintiff informed of arrest by Officer Seibert
- ~9:57:45 a.m. — Plaintiff exited and complied

41. The total time from the tow operator exiting the tow truck to Plaintiff being placed under arrest was approximately 4 minutes and 15 seconds.

---

## V. CLAIMS FOR RELIEF

### COUNT I — §1983

Unlawful Seizure of Property

(Against Baumgartner and Booth)

42. Officers Baumgartner and Booth used threats of arrest to compel surrender of property.

43. The property was taken without a warrant, court order, or legal process.

44. This constituted an unreasonable seizure and deprivation of property.

---

### COUNT II — §1983

Unlawful Seizure of Person and Property

(Against Sauter and Seibert)

45. Defendants caused Plaintiff's vehicle to be seized while he remained inside.

46. Plaintiff did not attempt to flee or resist.

47. Plaintiff was not informed he was under arrest until after the vehicle was lifted.

48. The seizure occurred without a warrant or lawful process.

49. The placement of a window-breaking tool against the vehicle occurred prior to any arrest.

50. The seizure constituted an unreasonable seizure of Plaintiff's person and property.

51.

---

## COUNT III — §1983

Joint Action Liability

(Against Thin Line Towing)

51. Thin Line Towing acted in coordination with Sauter and Seibert.

52. The tow operator participated in lifting the vehicle while Plaintiff was inside.

53. The towing company was a participant in the seizure.

---

## COUNT IV — CONVERSION

(Against Kinder, Deshazo, Campbell)

54. Plaintiff owned and possessed trailers and equipment.

55. Defendants took the property without lawful authority.

---

## COUNT V — FRAUDULENT MISREPRESENTATION

(Against Deshazo and Campbell)

56. Defendants represented authority to sell property they could not lawfully transfer.

57. Plaintiff relied on those representations.

---

## COUNT VI — MONELL LIABILITY

(Against City of Laurel)

58. The City failed to train officers regarding civil property disputes and limits on seizure authority.

59. The repeated nature of these incidents reflects a lack of adequate training or supervision.

---

## VI. DAMAGES

60. Plaintiff suffered damages including:

• Loss of trailers and equipment

• Loss of business income

• Vehicle damage

Page 5 of 6

- Towing and impound costs
- Emotional distress

  61. These damages will be proven at trial.

## VII. INJUNCTIVE RELIEF

  62. Plaintiff seeks injunctive relief including:

- Preservation of Plaintiff's pickup truck
- Prohibition on destruction or disposal
- Access to evidence
- Protection from further unlawful seizures

## VIII. PRAYER FOR RELIEF

Plaintiff requests:

- Compensatory damages
- Punitive damages
- Injunctive relief
- Declaratory relief
- Costs and fees pursuant to 42 U.S.C. § 1988
- Trial by jury
- Such other relief as the Court deems just and proper

DATED this __1st__ day of __april__, 2026.

Matthew Aaron Combs

Plaintiff, Pro Se

516 4th Ave, Laurel, MT 59044

(406) 690-4621

combsM1982@gmail.com