IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MATTHEW AARON COMBS, an individual doing business as Mac's Seamless Gutters, | CV 26-09-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| OFFICER PHILLIP BAUMGARTNER, in his individual capacity; SGT. JACKSON BOOTH, in his individual capacity; OFFICER SAUTER, in his individual capacity; OFFICER SIEBERT, in his individual capacity; JESSE A. KINDER (aka Buddell), individually and as purported agent/power of attorney for All Weather Seamless Rain Gutters LLC; ASHLEY N. DESHAZO, individually and as former purported agent/power of attorney for All Weather Seamless Rain Gutters LLC; ASA J. CAMPBELL, individually and as former owner of All Weather Seamless Rain Gutters LLC; CITY OF LAUREL, MONTANA; and THIN LINE TOWING AND RECOVERY LLC, | |
| Defendants. | |

On January 26, 2026, pro se Plaintiff Matthew Aaron Combs filed a Motion

for Leave to Proceed In Forma Pauperis and a Complaint against Defendants Officer

Phillip Baumgartner, Sergeant Jackson Booth, Jesse A. Kinder (aka Buddell), Ashley N. Deshazo, and Asa J. Campbell, alleging a violation of 42 U.S.C. § 1983 and Montana common-law claims for conversion and fraudulent misrepresentation. (Docs. 1–2). Combs filed his First Amended Complaint on February 27, 2026, naming the same defendants and adding Officer Sauter, Officer Siebert, the City of Laurel, and Thin Line Towing and Recovery, LLC. (Doc. 4). He also asserted additional state-law and § 1983 claims. (*Id.*).

With leave of Court (Doc. 11), Combs filed his Second Amended Complaint on April 2, 2026. (Doc. 12). The Second Amended Complaint adds no new Defendants but revises the counts. The claims for relief asserted are: (1) 42 U.S.C. § 1983 – Unreasonable Seizure of Property; (2) Conversion (Montana common law); (3) Fraudulent Misrepresentation; (4) 42 U.S.C. § 1983 – Unreasonable Seizure of Person; (5) 42 U.S.C. § 1983 – Unreasonable Seizure of Property; (6) Excessive Force / Coercive Authority; (7) Municipal Liability (Monell); and (8) Fourteenth Amendment – Substantive Due Process.

Presently before the Court is Combs's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction, filed on February 27, 2026. (Doc. 5). After the Court denied Combs's Motion to Proceed In Forma Pauperis on March 8, 2026 (Doc. 8), Combs paid the civil filing fee on March 27, 2026, allowing the Court

to consider the pending Motion. The Court construes the present Motion as directed at the Second Amended Complaint. (Doc. 11).

The law disfavors TROs issued without notice to opposing parties. *See, e.g.*, *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). A TRO is designed to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 therefore imposes strict requirements regarding notice and duration. *See* Fed. R. Civ. P. 65(b)(1)–(2). A "court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.* 65(b)(1)(B). Here, Combs provided neither a written certification of any efforts to give notice nor an explanation as to why notice should be excused.

Accordingly, IT IS HEREBY ORDERED that:

(1)    Combs's request for a temporary restraining order is DENIED.

(2)    A hearing on the request for a preliminary injunction is set for **May 15, 2026, at 9:00 a.m.** at the James F. Battin Federal Courthouse in Billings, Montana.

3

(3)   No later than **April 17, 2026,** Combs shall serve the Second Amended

Complaint (Doc. 12), his Motion for a Temporary Restraining Order

and Preliminary Injunction (Doc. 5), and this Order on all Defendants.

(4)   Defendants shall file a response to Combs's request for a preliminary

injunction on or before **May 8, 2026**.

DATED this ___7th___ day of April, 2026.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge

4