FILED

4/14/2026

Clerk, U.S. District Court
District of Montana
Billings Division

UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

BILLINGS DIVISION

MATTHEW AARON COMBS,

d/b/a Mac's Seamless Gutters,

Plaintiff,                                        Case No. 1:26-cv-09

v.

OFFICER PHILLIP BAUMGARTNER, individually;

SGT. JACKSON BOOTH, individually;

OFFICER SEIBERT, individually;

CODE ENFORCEMENT OFFICER J. SAUTER, individually;

JESSE A. KINDER;

ASHLEY N. DESHAZO;

ASA J. CAMPBELL;

THIN LINE TOWING AND RECOVERY LLC;

CITY OF LAUREL,

Defendants.

---

THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

(42 U.S.C. § 1983 and Supplemental State Law Claims)

---

### a. INTRODUCTION

This case arises from two seizures carried out under color of state law:

On May 9, 2024, officers compelled Plaintiff to surrender business property to a private party in a civil dispute without a warrant or court order.

8. On February 17, 2026, Defendants caused Plaintiff's occupied vehicle to be seized and lifted by a tow truck before informing him he was under arrest.

9. In both incidents, state actors used police authority to resolve civil matters and effect seizures without judicial process.

## II. JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

11. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

12. Venue is proper under 28 U.S.C. § 1391(b).

## III. PARTIES

13. Plaintiff MATTHEW AARON COMBS is an individual residing in Laurel, Montana, and doing business as Mac's Seamless Gutters.

14. Defendant OFFICER PHILLIP BAUMGARTNER is, and at all relevant times was, a sworn law enforcement officer employed by the City of Laurel ~~Police Department~~. He is sued in his individual capacity.

15. Defendant SGT. JACSON BOOTH is, and at all relevant times was, a sworn law enforcement officer employed by the City of Laurel. He is sued in his individual capacity.

16. Defendant OFFICER SAUTER is, and at all relevant times was, a sworn law enforcement officer and/or code enforcement officer acting under the authority of the City of Laurel. He is sued in his individual capacity.

17. Defendant OFFICER SIEBERT is, and at all relevant times was, a sworn law enforcement officer employed by the City of Laurel. He is sued in his individual capacity.

18. Defendant CITY OF LAUREL is a municipal entity organized under the laws of the State of Montana. At all relevant times, the City of Laurel, through its police department and agents, acted under color of state law and is responsible for the policies, customs, and practices that resulted in the violations of Plaintiff's constitutional rights.

19. Defendant THIN LINE TOWING AND RECOVERY LLC is a business entity operating in the State of Montana and, at all relevant times, acted in coordination with and/or under direction of law enforcement officers in connection with the towing and seizure of Plaintiff's vehicle.

20. Defendant JESSE A. KINDER (also known as Buddell) is an individual who, at all relevant times, claimed authority over the trailers and equipment at issue and acted in concert with law enforcement during the May 9, 2024 incident.

21. Defendant ASHLEY N. DESHAZO is an individual who represented that she had authority to sell the trailers and equipment to Plaintiff and participated in the underlying transaction at issue.

22. Defendant ASA J. CAMPBELL is an individual and former owner of All Weather Seamless Rain Gutters LLC, who executed or caused to be executed documents relating to the trailers while the company was dissolved and while he was incarcerated.

23. At all relevant times, each Defendant acted individually and/or in concert with one another, and under color of state law where applicable.

---

IV. FACTUAL ALLEGATIONS

   A.  Lawful Purchase and Possession

24. On January 22, 2024, Plaintiff purchased two enclosed trailers and a seamless gutter machine for $10,000.

25. Plaintiff took possession and began operating his business.

26. The trailers were titled to an LLC that had been administratively dissolved since 2020.

27. Plaintiff has documentation supporting the transaction.

---

B. May 9, 2024 — Police-Assisted Seizure

28. Defendant Kinder arrived at Plaintiff's residence demanding the trailers.

29. Plaintiff refused and presented proof of purchase.

30. Officers Baumgartner and Booth responded.

31. Plaintiff informed them:

    a.  The LLC was dissolved

    b.  The titles were defective

    c.  The dispute was civil

32. Despite this, Baumgartner, and Booth:

    a.  Threatened Plaintiff with arrest

    b.  Did not obtain a warrant

    c.  Did not seek a court order

33. Under threat of arrest, Plaintiff surrendered the trailers and gutter machine.

34. Kinder removed the property.

35. The transfer occurred without judicial process and over Plaintiff's objection.

---

C. February 17, 2026 — Vehicle Seizure and Arrest

36. Defendant Sauter initiated enforcement activity near Plaintiff's vehicle.

37. Thin Line Towing arrived and began attaching towing equipment.

38. Plaintiff entered his vehicle and remained inside.

39. Plaintiff:

    a.  Did not attempt to flee

    b.  Requested a supervisor

    c.  Stated he would comply upon supervisor arrival

40. Defendant Seibert was present and engaged with Plaintiff.

41. The tow operator, acting in coordination with Sauter and Seibert, lifted Plaintiff's vehicle while Plaintiff remained inside.

42. Plaintiff was not informed he was under arrest until after the vehicle was lifted.

43. Plaintiff then exited the vehicle and complied.

44. The seizure occurred without a warrant and while Plaintiff remained inside the vehicle.

45. Prior to being informed that he was under arrest, Defendant Seibert placed a window-breaking tool against Plaintiff's vehicle window, indicating imminent forced entry.

46. At that time, Plaintiff was seated inside the vehicle, was not attempting to flee, and had requested a supervisor.

47. The tow caused damage to Plaintiff's vehicle.

D. February 17, 2026 — Timeline of Events

48. The events of February 17, 2026, occurred in rapid sequence and are documented by video evidence:

49. Unless otherwise specified, the following events reflect the actions of the tow truck operator.

50. Multiple Defendants, including Officer Seibert and Code Enforcement Officer Sauter, were present during these events.

51. •~9:47 a.m. — Code enforcement arrived
   • ~9:52 a.m. — Tow truck arrived
   • ~9:53:30 a.m. — Steering wheel secured
   • ~9:53:38 a.m. — Plaintiff approached vehicle
   • ~9:53:55 a.m. — Tow equipment attached
   • ~9:54:20 a.m. — Vehicle moved
   • ~9:55:27 a.m. — Plaintiff entered vehicle
   • ~9:55:30–9:57:30 a.m. — Plaintiff requested supervisor
   • ~9:55:50 a.m. — Wheel restraints applied
   • ~9:56:05 a.m. — Vehicle lifted with Plaintiff inside
   • ~9:57:27 a.m. — Officer Seibert placed window-breaking tool
   • ~9:57:35 a.m. — Plaintiff informed of arrest by Officer Seibert
   • ~9:57:45 a.m. — Plaintiff exited and complied

52. The total time from the tow operator exiting the tow truck to Plaintiff being placed under arrest was approximately 4 minutes and 15 seconds.

V. CLAIMS FOR RELIEF

COUNT I — §1983

53. Unlawful Seizure of Property

(Against Baumgartner and Booth)

54. Officers Baumgartner and Booth used threats of arrest to compel surrender of property.

55. The property was taken without a warrant, court order, or legal process.

56. This constituted an unreasonable seizure and deprivation of property.

57. At all relevant times, Defendants Officers Baumgartner and Sgt. Booth were acting under color of state law as officers of the Laurel Police Department.

---

COUNT II — §1983

58. Unlawful Seizure of Person and Property

(Against Sauter and Seibert)

59. Defendants caused Plaintiff's vehicle to be seized while he remained inside.

60. Plaintiff did not attempt to flee or resist.

61. Plaintiff was not informed he was under arrest until after the vehicle was lifted.

62. The seizure occurred without a warrant or lawful process.

63. The placement of a window-breaking tool against the vehicle occurred prior to any arrest.

64. The seizure constituted an unreasonable seizure of Plaintiff's person and property.

65. At all relevant times, Defendants Officer Sauter and Officer Seibert were acting under color of state law as officers of the Laurel Police Department.

COUNT III — §1983

66. Joint Action Liability

(Against Thin Line Towing)

67. Thin Line Towing acted in coordination with Sauter and Seibert.

68. The tow operator participated in lifting the vehicle while Plaintiff was inside.

69. The towing company was a participant in the seizure.

COUNT IV — CONVERSION

70. (Against Kinder, Deshazo, Campbell)

71. Plaintiff owned and possessed trailers and equipment.

72. Defendants took the property without lawful authority.

COUNT V — FRAUDULENT MISREPRESENTATION

73. (Against Deshazo and Campbell)

    a.  Defendants represented authority to sell property they could not lawfully transfer.

    b.  Plaintiff relied on those representations.

COUNT VI — MONELL LIABILITY

74. (Against City of Laurel)

    a.  The City failed to train officers regarding civil property disputes and limits on seizure authority.

    b.  The repeated nature of these incidents reflects a lack of adequate training or supervision.

VI. DAMAGES

75. Plaintiff suffered damages including:

    - Loss of trailers and equipment
        - Loss of business income
        - Vehicle damage
        - Towing and impound costs
        - Emotional distress

76. These damages will be proven at trial.

---

## VII. INJUNCTIVE RELIEF

77. Plaintiff seeks injunctive relief including:

- Preservation of Plaintiff's pickup truck
- Prohibition on destruction or disposal
- Access to evidence
- Protection from further unlawful seizures

---

## VIII. PRAYER FOR RELIEF

78. Plaintiff requests:

- Compensatory damages
- Punitive damages
- Injunctive relief
- Declaratory relief
- Costs and fees pursuant to 42 U.S.C. § 1988
- Trial by jury
- Such other relief as the Court deems just and proper

---

DATED this _17_ day of _april_, 2026.

---

Matthew Aaron Combs

Plaintiff, Pro Se

516 4th Ave, Laurel, MT 59044

(406) 690-4621

combsm1982@gmail.com