IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MATTHEW AARON COMBS, an individual doing business as Mac's Seamless Gutters,<br><br>                    Plaintiff,<br><br>vs.<br><br>OFFICER STEVEN BAUMGARTNER, et al.,<br><br>                    Defendants. | CV 26-09-BLG-SPW<br><br><br>ORDER DENYING DEFENDANT ASA J. CAMPBELL'S MOTION TO DISMISS |

Pro se Plaintiff Matthew Aaron Combs filed a Third Amended Complaint (the "Complaint") on April 14, 2026, alleging 42 U.S.C. § 1983 and state law violations against law enforcement officers, the City of Laurel, and private individuals including Defendant Asa J. Campbell. (Doc. 16). On May 18, 2026, Campbell moved to dismiss the claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(4). (Doc. 25). Combs responded on June 1, 2026 (Doc. 39), and Campbell replied on June 16, 2026 (Doc. 43).

For the following reasons, Campbell's Motion is denied.

/ / /

/ / /

/ / /

/ / /

1

## I.     Legal Standard

### A.     Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction.  The party seeking to invoke the Court's jurisdiction has the burden to establish it.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citation omitted).  The Court also may hear evidence and resolve factual disputes where necessary.  *Id.*

### B.     Federal Rule of Civil Procedure 12(b)(4)

A motion to dismiss under Rule 12(b)(4) challenges the form of process, targeting technical defects within the summons itself rather than the method of service.  *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds*, *Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citation omitted).  Under Rule 4, a summons must meet several technical requirements, including "stat[ing] the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff."  Fed. R. Civ. P. 4(a)(1)(C).

2

However, because Rule 4 is "flexible" and "liberally construed," dismissal is generally improper if the defendant received actual notice and suffered no prejudice from the minor technical error. *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). In such cases, the defect is deemed harmless, and the court retains personal jurisdiction. *Chan*, 39 F.3d at 1404.

### C.    Pro Se Motion to Dismiss

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In the motion to dismiss context, courts likewise "construe *pro se* filings liberally" and afford pro se litigants "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). At the same time, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Thus, pro se litigants must follow the same rules of procedure as litigants who are represented by counsel. *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *overruled on other grounds by, United States v. Hanna*, 292 F.3d 1080, 1088 n.5 (9th Cir. 2002).

/ / /

/ / /

3

## II.   Discussion

The Court addresses Campbell's contentions under Rules 12(b)(1) and 12(b)(4) in turn and concludes that the claims against Campbell shall not be dismissed.

### A.   *Rule 12(b)(1) – Subject Matter Jurisdiction*

Campbell first moves to dismiss the claims against him for lack of subject matter jurisdiction.   In his opening brief, Campbell cites 28 U.S.C. § 1332, noting that diversity jurisdiction requires both complete diversity of citizenship and an amount in controversy exceeding $75,000.   (Doc. 26 at 2).   Combs responds that Campbell's reliance on the diversity-jurisdiction statute is misplaced.   (Doc. 39 at 1).   Combs points out that the Complaint invokes federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction under 28 U.S.C. § 1367.   (*Id.*).   Combs contends that because the "claims against . . . Campbell arise from the same nucleus of operative fact as the federal claims," supplemental jurisdiction is proper.   (*Id.* at 3).   Campbell fails to address the supplemental jurisdiction argument in his reply.[1]   (*See* Doc. 43).

---

[1] Instead, Campbell raises a new theory for dismissal, arguing that because he did not act under color of state law, the claims against him must be dismissed.   As an initial matter, this defense targets a failure to state a claim under Rule 12(b)(6) rather than a lack of subject matter jurisdiction under Rule 12(b)(1).   Furthermore, arguments raised for the first time in a reply brief are generally waived.   *See, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).   Even if this Court were to consider the argument, it is legally irrelevant; a color-of-state-law defense applies to claims brought under § 1983, and Combs asserts no § 1983 claims against Campbell.

4

The Court agrees with Combs that supplemental jurisdiction applies here. Because the only claims asserted against Campbell are state law claims for conversion and fraudulent misrepresentation, independent federal question jurisdiction does not exist as to him. However, the Complaint explicitly invokes supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 16 at 2). Construing the pro se pleading liberally, the Court treats supplemental jurisdiction as the asserted basis for the state-law claims and analyzes whether exercising that jurisdiction is appropriate.

Federal district courts possess original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, federal courts hold supplemental jurisdiction over state law claims that are "so related" to the underlying federal claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims form part of the "same case or controversy" when they share a "common nucleus of operative fact." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002) (citation omitted).

However, supplemental jurisdiction is a "doctrine of discretion." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction,

5

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In exercising this discretion, courts "should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ultimately, the supplemental jurisdiction doctrine is a flexible one, "designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.*

With this legal framework in mind, the Court returns to the instant case. Combs's claims arise out of two distinct, police-assisted property seizures. Campbell's alleged involvement is tied to the first incident. Arising from the first seizure is a § 1983 claim for unlawful property deprivation against Officers Steven Baumgartner and Jackson Booth, over which this Court possesses original federal question jurisdiction.

Specifically, Combs alleges that he purchased two enclosed trailers and a seamless gutter machine on January 22, 2024. (Doc. 16 at 3). He claims that Campbell "executed or caused to be executed documents relating to the trailers while the company was dissolved and while he was incarcerated." (*Id.*). Thereafter, on May 9, 2024, Defendant Jesse A. Kinder allegedly "arrived at Plaintiff's residence demanding the trailers." (*Id.*). After Officers Baumgartner and Booth arrived,

6

Combs surrendered the property, which Kinder then removed from the premises. (*Id.* at 4).

Because the allegations against Campbell are connected with the events precipitating the first alleged § 1983 violation, the state and federal claims share a common nucleus of operative fact. Accordingly, the "same case or controversy" requirement of § 1367(a) is satisfied.

The Court next addresses whether any exception under § 1367(c) justifies declining supplemental jurisdiction over the conversion and fraudulent misrepresentation claims. Because the Court has not dismissed the underlying federal claims over which it has original jurisdiction, § 1367(c)(3) is inapplicable. The remaining factors under §§ 1367(c)(1), (2), and (4), are discussed below.

First, conversion and fraudulent misrepresentation involve neither a novel nor complex issues of state law under § 1367(c)(1). Both are well-established common-law torts governed by straightforward, settled elements. Because these claims arise from the same property deprivation underlying the § 1983 claim, state law complexity provides no basis to decline jurisdiction.

Second, the state law claims do not substantially predominate over the federal claims under § 1367(c)(2). When "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals."

7

*Gibbs*, 383 U.S. at 726. "Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Id.* at 727. Here, the § 1983 constitutional claim remains the primary driver of this litigation. The conversion and fraudulent misrepresentation claims are parallel, factually overlapping theories of liability seeking matching damages. Therefore, predominance does not justify declining supplemental jurisdiction.

Third, this case presents no exceptional circumstances or compelling reasons to decline jurisdiction under § 1367(c)(4). The exceptional circumstances envisioned by § 1367(c)(4) include "considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 174 (1997). No such systemic friction or administrative efficiency exists here. On the contrary, exercising supplemental jurisdiction promotes judicial economy and convenience by resolving all claims surrounding the May 9, 2024 incident in a single forum. Accordingly, the Court will not dismiss the claims against Campbell for lack of subject matter jurisdiction.

## B.    Rule 12(b)(4) – Sufficiency of Process

Campbell next moves to dismiss the claims against him for insufficient process. He argues that the summons "failed to include an address for service of an answer or motion to be made," rendering it invalid. (Doc. 26 at 3). Combs responds

that "defect is technical, non-prejudicial, and does not justify dismissal," noting that Campbell "was personally served, received actual notice, retained counsel, and timely appeared." (Doc. 39 at 3).

In his reply, Campbell pivots to argue that the Complaint should be dismissed for lack of subject matter jurisdiction and asserts that "[t]here is no reason to address the improper summons." (Doc. 43 at 3). Because Campbell originally raised the issue in his opening brief, and because the Court finds subject matter jurisdiction exists, the Court briefly addresses the sufficiency of the summons.

The Court agrees that the summons is technically defective under Rule 4(a)(1)(C), which requires the plaintiff's attorney's address—or the unrepresented plaintiff's address—to be listed. However, a technical defect does not justify dismissal unless the moving party demonstrates actual prejudice. *See Chan*, 39 F.3d at 1404. Campbell identifies no prejudice resulting from the omission, and his timely motion proves he received actual notice of the action. Because the error is harmless and the Court retains personal jurisdiction, the Court denies Campbell's motion to dismiss for insufficient process.

///

///

///

///

///

9

## III.   Conclusion

IT IS HEREBY ORDERED that Defendant Asa J. Campbell's Motion to Dismiss (Doc. 25) is DENIED.

DATED this ___23rd___ day of July, 2026.

SUSAN P. WATTERS
United States District Judge